IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CR-188-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER OF DETENTION PENDING** |
| | ) **TRIAL** |
| DONOVAN HENRY KEARNEY, | ) |
| | ) |
| Defendant. | ) |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the North Carolina State Bureau of Investigation who serves as a task force officer with the Federal Bureau of Investigation. Defendant presented the testimony of the proposed third-party custodian, his grandmother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the evidence and argument presented, and based on the findings and reasons stated in open court and below, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was charged in a two-count indictment on 2 August 2016 with: armed bank robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a) and (d), and 2 (ct. 1); and possession, use, and carrying of a firearm in furtherance of the robbery, and

brandishing of the firearm, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2 (ct. 2). The alleged offense date in each count is on or about 25 February 2016. The evidence presented at the hearing showed that the charges arise from the robbery of a bank in Wendell, North Carolina on the alleged offense date. The robber, who covered his face with a shirt, threatened the customers and employees of the bank with a handgun, taking $1,369.

A video camera at a gas station across from the bank captured the image of the man who drove the get-away car, the co-defendant in this case. Police located him, and he identified defendant as the robber. Defendant's girlfriend at the time was also in the car and also identified defendant as the robber. There was a juvenile in the car as well. Police found counterfeit bills in the front passenger seat where defendant had been seated. Defendant and the other three persons had been driving around the afternoon of the robbery smoking marijuana and decided at the instance of defendant to rob a bank. They bought gloves for the robbery at a discount store. The firearm used in the robbery has not been recovered.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the violent and gun-related nature of the offenses charged; the circumstances of the offenses charged, including the brandishing of the firearm, the impulsive nature of the offense, the presence of a juvenile in the car used in the robbery, the nonrecovery of the firearm used in the alleged offenses (meaning that it would potentially be available to

2

defendant if he were released), and the potential term of imprisonment defendant faces if convicted; the danger of continued violent, impulsive offense conduct by defendant if released; defendant's apparent access to counterfeit money, which could conceivably be used to facilitate flight; defendant's apparent marijuana habit; the unsuitability of the proposed third-party custodial arrangement due to the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as his lack of a serious criminal records (he has three misdemeanor convictions) and the presence of the proposed custodial home in Virginia, away from the area in which defendant committed the alleged offenses. It finds, however, that the factors favoring detention outweigh such evidence, including in particular the impulsive nature of the alleged offenses and their violent nature.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This 17th day of August 2016.

_____
James E. Gates
United States Magistrate Judge

3